### Linda SATSKY

v.

### UNITED STATES of America.

### No. Civ.A. G–97–098.

United States District Court, S.D. Texas, Galveston Division.

Feb. 6, 1998.

Newton Boris Schwartz, Sr., Houston, TX, Danny M. Sheena, Portis and Associates, Houston, TX, for plaintiffs.

Michael H. Johnston, Sullins Johnston Rohrbach and Magers, Houston, TX, for Hermann Hospital, intervenor-plaintiff.

Danny M. Sheena, Portis and Associates, Houston, TX, for Brian Satsky, intervenor-plaintiff.

D. Diane Dillard, Dillard and Salinas, Houston, TX, Danny M. Sheena, Portis and

Associates, TX, for Johnathan Satsky, Angela Satsky, intervenor-plaintiffs.

Joel Alan Grandstaff, Attorney at Law, Houston, TX, for Southern Farm Bureau, Casualty Insurance Company, intervenor-plaintiff.

Deborah Lee Bradley, Stern and Miller, Houston, TX, for Venine Hammers, intervenor-plaintiff.

Michelle Zingaro, Houston, TX, for U.S.

### ORDER

KENT, District Judge.

This action involves a claim by Intervenor Hermann Hospital, who has filed a lien pursuant to § 55.001, *et seq.*, of the Texas Property Code for an amount allegedly owed to it by the United States, as the tortfeasor, for rendering "necessary medical care and treatment" to Linda Satsky. Now before the Court is the Motion for Summary Judgment of Defendant United States, filed October 28, 1997, and the Cross Motion for Summary Judgment of Intervenor Hermann Hospital ("Hermann"), filed November 14, 1997. For the reasons stated below, the Cross Motion for Summary Judgment of Intervenor Hermann Hospital is **DENIED**, and the Motion for Summary Judgment of Defendant United States is **GRANTED.**

### I. FACTUAL BACKGROUND

On March 6, 1996, Linda Satsky was injured in a collision between her vehicle and a vehicle driven by a Texas Army National Guardsman. Satsky was transported via life flight to Hermann's emergency room for medical care and treatment. Satsky received medical treatment from March 6 through March 25, 1996. Hermann alleges that the reasonable charges for Satsky's hospital stay totaled $124,229.05. At the time of the accident, Satsky's injuries were covered by her insurance policy with Sanus/New York Life Health Plan, Inc. ("Sanus"), which had a prepaid health care plan with Hermann (the "Plan"). Under the Hospital Service Agreement (the "Agreement") which administers the Plan, Hermann agreed "to accept the compensation set forth in ... the Agreement as payment *in full* for all Hospital Services rendered to Members." (emphasis added).[1]

Pursuant to the provisions of the Plan, Hermann collected $42,300.00 from Sanus for the services rendered to Satsky in connection with the accident. Notwithstanding its Agreement to accept the amount of compensation negotiated in the Agreement as "payment in full" for services rendered, Hermann filed a hospital lien on April 9, 1996, which was timely filed and recorded.[2] Hermann has now filed this action in intervention, alleging that it is entitled to $76,729.05, the amount by which the total alleged charges for Satsky's hospitalization exceed the amount paid by Sanus plus other "lawful and just offsets, payments and credits."

### II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth set forth specific facts showing that there is a genuine issue for trial. *Id.; see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.

---

1. Hermann challenges the competency of the copy of the Agreement provided by the United States as summary judgment evidence on the basis that it is "not accompanied by affidavit and is not authenticated." First, counsel for the United States stated in her affidavit that the Agreement was provided to the United States by Mike Johnston, counsel for Hermann. Second, Hermann does not dispute the terms or the existence of the Agreement, but merely alleges that it should not be considered on summary judgment.

Under the circumstances, the Court finds it highly probable that the Agreement would be admissible at trial, and therefore finds that consideration of the Agreement on summary judgment is proper.

2. The procedural validity of the hospital lien under TEX.PROP.CODE ANN. § 55.001 *et seq.* is not contested.

Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

## III. ANALYSIS

The issue presented to the Court by these facts is whether the Agreement by Hermann Hospital to accept the amount negotiated in the Sanus Plan as payment in full for services rendered bars Hermann's statutory lien, asserted as the basis for intervention. The Court finds that it does.

The Texas Property Code provides that a hospital has a lien on "a cause of action or claim of an individual who receives services for injuries caused by an accident that is attributable to the negligence of another person." TEX.PROP.CODE ANN. § 55.002. Such a lien attaches to the plaintiff's cause of action, a judgment, or the proceeds of a settlement. *Id.* § 55.003. Charges covered in the lien include those charges for services provided by the hospital during the first 100 days of hospitalization. *Id.* § 55.004(a). The statute's purpose is to promote the ability of hospitals to recover payment for emergency services in order to induce them to render emergency care to patients without regard to ability to pay. *See* 1933 Tex.Gen.Laws 85, § 5, at 182 (statute adopted to cure the "emergency and an imperative public necessity" resulting from the fact that critically injured patients must be cared for "without giving the hospitals ... an opportunity to investigate the financial worth of the injured party"), *quoted in Baylor Univ. Med. Center v. Travelers Ins. Co.,* 587 S.W.2d 501, 504 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). The statute was clearly not intended to overcompensate hospitals that accept patients who *do* have the ability to pay, nor to provide a windfall for hospitals who feel aggrieved by the circumscription of hospital charges by insurance plans.

■ A lien can only legally attach if there is an underlying debt secured by the lien. *United States v. Phillips,* 267 F.2d 374, 377 (5th Cir.1959). "A lien is a charge upon property for the payment or discharge of a debt. It is therefore dependent upon the existence, the amount of, and the provability of the debt. If the debt has been paid ..., the lien is extinguished." *Id.* (quoting *Commonwealth of Kentucky ex rel. Unemployment Compensation Comm'n v. Farmers Bank & Trust Co. of Henderson,* 139 F.2d 266, 268 (6th Cir.1943) (Simons, J., dissenting)). Therefore, Hermann's lien can only be valid if Satsky owes an underlying debt to Hermann for the services rendered.

The facts, however, fail to show the existence of any debt owed Hermann. On the contrary, the facts prove that Satsky's insurer, Sanus, has paid all of the sums owed to the hospital according to the Plan agreed upon by Sanus and Hermann. Hermann has not alleged that any of the reasonable and customary charges allowed under the Plan have not been paid. Viewing this dispute from a logical perspective,[3] it is clear that if Satsky had not been injured in an accident by a third-party tortfeasor, but had suffered injuries through an accident or illness in which no fault could be attributed, Hermann would have absolutely no legal basis by which it could challenge the compensation owed to it under the Sanus Plan.[4] Essentially, Hermann seeks to benefit from the existence of a statutory hospital lien, created for purposes entirely inapplicable here, based on the mere fact that a third-party tortfeasor caused Satsky's injuries. The fact that the United States was negligent, however, does not create a debt owed by Satsky to Hermann, nor by the United States to Hermann. As there is no debt, there can be no lien.

Further evidence that no debt exists over the amount that has already been paid is found in TEX.PROP.CODE.ANN. § 55.004(a), which provides that the statutory hospital

---

3. A perspective, the Court concedes, that does not always imply legal vitality.

4. Assuming, of course, the absence of any challenges to the Plan itself.

lien "does not cover charges for operating costs that exceed the cost limits established under Section 405.460, 42 Code of Federal Regulations." Section 405 .460 is now 42 C.F.R. § 413.30, and provides that reimbursable provider costs under Medicare may not exceed the costs recognized as reasonable by the Health Care Financing Administration. In its Response to Hermann's Cross Motion for Summary Judgment, the government provided competent summary judgment evidence [5] that the Medicare payment for Satsky's medical treatment during her stay at Hermann would have been $34,572.92. In its Reply, Hermann presented no evidence that would dispute that figure. The evidence presented by the United States is competent to establish that Hermann's hospital lien would likely be limited to a figure far less than the $124,229.05 claimed in this case, and further discredits Hermann's contention that it has a valid lien.

Defendant's primary argument in support of its Motion for Summary Judgment is that the United States "has no standing to raise any defense relating to the existence of any agreement between Hermann and Sanus." Contrary to Hermann's argument, the United States does not raise the defense of the Agreement between Sanus and Hermann as a third-party beneficiary, but only to prove that no debt exists. Evidence of the Agreement and Sanus's payment to Hermann is admissible to prove that there is no debt.

The remainder of Hermann's arguments can be dismissed with one sentence. First, Hermann argues that even if payment under the Plan does establish "full payment," Hermann's statutory lien is not affected. Next, Hermann contends that the United States is obligated to pay the debt because in the settlement agreement between Satsky and the United States, the United States agreed to "be responsible for paying off the liens presently filed by Hermann Hospital." Finally, Hermann asserts that the lien can only be discharged by the hospital's execution and filing of a certificate stating that the debt covered by the lien has been paid, and authorizing the county clerk to discharge the lien. *See* TEX.PROP.CODE ANN. § 55.006. All of these arguments fail on account of the intrinsic reality that without a debt, a lien is purely illusory.[6]

## IV. CONCLUSION

■ The statutory hospital lien asserted by Hermann as the basis for intervention in this case is unenforceable because the hospital has been paid in full for the services it provided to Satsky, and there is consequently no debt to secure by the existence of the lien. Accordingly, the Motion for Summary Judgment of Intervenor Hermann Hospital is hereby **DENIED,** and the Motion for Summary Judgment of Defendant United States is hereby **GRANTED.** All claims of the Intervenor are **DISMISSED WITH PREJUDICE.** All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**IT IS SO ORDERED.**

## FINAL JUDGMENT

For the reasons stated in the Court's Order entered this date, the Motion for Summary Judgment of Intervenor Hermann Hospital is hereby **DENIED,** and the Motion for Summary Judgment of Defendant United States is hereby **GRANTED.** The claims of the Intervenor are **DISMISSED WITH PREJUDICE.** All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**IT IS SO ORDERED.**

**THIS IS A FINAL JUDGMENT.**

---

5. This evidence was provided in the Declaration of Philip B. Horsch, the Director of Medicare Part A Claims/Customer Service at Blue Cross/ Blue Shield of Texas, the Medicare fiscal intermediary.

6. "You can put a dress on a pig, but at the end of the day, it's still a pig."