[No. B126504. Second Dist., Div. Four. June 29, 2000.]

LEV SHVARTS et al., Plaintiffs and Appellants, v.
BUDGET GROUP, INC., Defendant and Respondent.

## COUNSEL

Tatro Coffino Zeavin & Bloomgarden and Robert A. Zeavin for Plaintiffs and Appellants.

Gibson, Dunn & Crutcher, Paul J. Collins and Dean J. Kitchens for Defendant and Respondent.

## OPINION

**HASTINGS, J.**—Plaintiffs Lev Shvarts and Michael Holtz appeal from an order of dismissal after the trial court sustained a demurrer without leave to amend their first amended complaint. Appellants sued Budget Group, Inc. (respondent), a car rental company, for unfair business practices based on refueling charges for rental cars returned without full gas tanks. We conclude that the trial court did not err, and we affirm.

## FACTS

For purposes of appeal, we accept the facts alleged in the pleadings as true. (*O'Hara v. Western Seven Trees Corp.* (1977) 75 Cal.App.3d 798, 802 [142 Cal.Rptr. 487].)

Appellants assert four causes of action against respondent, the first for unlawful business practices (Bus. & Prof. Code, § 17200 et seq.), the second for money had and received, the third for restitution and the fourth for violation of the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.). The complaint alleges a class action that "seeks to redress one of the most exploitative practices of the car rental industry—charging customers punitive fees for gasoline when the customers fail to comply with their obligation to return rented vehicles with the same level of fuel the car contained when originally delivered to them."

When appellants each rented a car from respondent, they executed respondent's uniform rental agreement which contains three options regarding fuel: **"Renter will pay for *or* replace all fuel provided by Budget by either buying the fuel in the tank at the beginning of the rental *or* returning the Vehicle with as much fuel as when received. . . . If Renter does not buy the fuel in the tank at the beginning of the rental and returns the Vehicle with less fuel than when received, a refueling charge applies.** The refueling charge is determined by multiplying the number of gallons needed to refill the tank (to the same level as ,when received) by the dollar-per-gallon rate specified. . . . Budget determines the number of gallons needed by refilling the tank or by using mileage or fuel-gauge readings of the Vehicle." (Boldface in original.) The first page of the agreement specifies the dollar-per-gallon rate of $3.58.

When appellants returned their rental cars, their tanks were not full. The complaint alleges that the fees were approximately triple the prevailing retail price of gasoline and were excessive in that the charges imposed by respondent vastly exceeded the amount of any actual damages suffered by respondent on occasions when customers returned their rental cars to respondent with less than the contractually agreed amount of fuel. It concludes that: "The refueling charges challenged by this lawsuit thus are neither fair, nor reasonable, nor otherwise in compliance with Civil Code § 1671, Business & Professions Code § 17200, or the Consumer Legal Remedies Act. Accordingly, Budget has engaged in deceptive, unlawful and unfair business practices and seized funds which, in good conscience, belong to each member of the Class."

Respondent demurred to each cause of action on the ground that each failed to state facts sufficient to constitute a cause of action. It argued that

the terms of its rental agreement were clear and unambiguous and offered three options to each renter, the first two of which were not challenged by appellants, and the third being in compliance with Civil Code section 1936, subdivision (m)(2), *post*.[1]

On August 11, 1998, the trial court issued a minute order sustaining the demurrers to all the causes of action without leave to amend and which states: "Case is dismissed this date."[2]

## DISCUSSION

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend, the standard of review is well settled. The reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.] The court does not, however, assume the truth of contentions, deductions or conclusions of law. [Citation.] The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. [Citations.]' [Citation.] However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory. [Citation.] And it is an abuse of discretion to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment. [Citation.]" (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967 [9 Cal.Rptr.2d 92, 831 P.2d 317].)

The unfair competition law (Bus. & Prof. Code, § 17200 et seq.) prohibits unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice . . . ." (§ 17200.) "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." (*Podolsky v. First Healthcare Corp.* (1996) 50 Cal.App.4th 632, 647 [58 Cal.Rptr.2d 89].)

The "unfairness" prong of the unfair competition law is " 'intentionally broad . . . .' [Citation.]" (*Podolsky v. First Healthcare Corp., supra*, 50 Cal.App.4th at p. 647.) However, the scope of the law "is not unlimited. Courts may not simply impose their own notions of the day as to what is fair or unfair. . . . If the Legislature has permitted certain conduct or considered

---

[1] All further references will be to the Civil Code unless otherwise noted.

[2] The record contains no separate order of dismissal. We construe the instant appeal as having been taken from a judgment of dismissal rather than from the order sustaining the demurrer (*Zavala v. Arce* (1997) 58 Cal.App.4th 915, 924-925, fn. 7 [68 Cal.Rptr.2d 571]).

a situation and concluded no action should lie, courts may not override that determination. When specific legislation provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault that harbor." (*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 182 [83 Cal.Rptr.2d 548, 973 P.2d 527].) The test of whether a business practice is unfair involves balancing the utility of the defendant's conduct against the gravity of the alleged victim's harm. (*Id.* at p. 182.)

 At issue here is whether section 1936, subdivision (m)(2) prohibits the gas charge contested by appellants. The statute provides in pertinent part: "In addition to the rental rate, taxes, and mileage charge, if any, a rental company may charge for an item or service provided in connection with a particular rental transaction if the renter could have avoided incurring the charge by choosing not to obtain or utilize the optional item or service. *Items and services for which the rental company may impose an additional charge, include,* but are not limited to, . . . *charges for refueling the vehicle at the conclusion of the rental transaction in the event the renter did not return the vehicle with as much fuel as was in the fuel tank at the beginning of the rental.*" (Italics added.)

This subdivision has been addressed recently in two cases, *Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494 [82 Cal.Rptr.2d 368] (*Lazar*) and *Schnall v. Hertz Corp.* (2000) 78 Cal.App.4th 1144 [93 Cal.Rptr.2d 439] (*Schnall*).

In *Lazar*, also a purported class action, the plaintiffs alleged that four rental car companies either refused to rent automobiles to person under the age of 25 or charged an unreasonably high age-based surcharge, which effectively restricted rentals to those under the age of 25. The appellate court affirmed the judgment against the plaintiff and concluded as follows: "In various places in section 1936, the Legislature set forth specific dollar or actual cost limitations that vehicle rental agreements may not exceed. (See, e.g., § 1936, subds. (b)(4), (6), (c)(7).) However, in subdivision (m)(2) (permitting a surcharge for drivers of certain ages), the Legislature did *not* specify any dollar amount or other cost limitation. By implication, the Legislature's omission is significant, suggesting that it intended a different purpose—that is, *not* to impose such a limitation but to leave this amount to the business judgment of the vehicle rental companies. [Citations.] We may not substitute our judgment for that of the Legislature when it appears that that body has deliberately chosen not to impose a monetary limitation. [Citation.] [¶] . . . It is the Legislature's function, not ours, to determine the wisdom of economic policy. Judicial intervention in such economic issues is improper. [Citations.]" (*Lazar, supra,* 69 Cal.App.4th at pp. 1508-1509.)

More recently, in *Schnall*, also a class action, the exact issue presented in this case was addressed. The Court of Appeal rejected the plaintiff's claim of unfair business practices based on the amount of the refueling charge: "In other words, where the allegedly unfair business practice has been authorized by the Legislature, no factual or equitable inquiry need be made, as the court can decide the matter entirely on the law. We conclude that, by authorizing avoidable fuel service charges, Civil Code section 1936, subdivision (m)(2) insulates the reasonableness of such charges from judicial scrutiny." (*Schnall*, *supra*, 78 Cal.App.4th at pp. 1160-1161, fn. omitted.)

Immediately appended to this paragraph was footnote 9, which rejected most of the plaintiff's remaining legal claims: "Partly for this reason, we reject appellant's claim that the fuel service charge is unconscionable. Not only does this charge fail to 'shock the conscience' (*California Grocers Assn. v. Bank of America* [(1994)] 22 Cal.App.4th [205,] 215 [27 Cal.Rptr.2d 396]), appellant's claim does not even meet the less stringent standard of *A & M Produce Co. v. FMC Corp.* (1982) 135 Cal.App.3d 473, 486 [186 Cal.Rptr. 114], which stated that the doctrine of unconscionability ' "has generally been recognized to include an *absence of meaningful choice* on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." ' [Citations.] It is enough to reiterate that Hertz's customers have a 'meaningful choice,' because the rental agreement adequately informs renters that if they reject the fuel purchase option and return the rented car with a full tank they will pay no fuel service charge. Because we find as a matter of law that the fuel service charge was not unconscionable, it is unnecessary to address appellant's related claims that the fuel service charge violates . . . sections 1670.5, subdivision (a) (relating to the enforceability of an unconscionable contract or clause thereof); 1670.5, subdivision (b) (affording the parties an evidentiary hearing on a claim of unconscionability); 1671 (invalidating certain liquidated damages provisions); and 1770, subdivision (a)(19) (declaring that insertion of an unconscionable provision in a contract constitutes 'an unfair method of competition and unfair or deceptive act or practice')." (*Schnall*, *supra*, 78 Cal.App.4th at p. 1161, fn. 9.)

We agree with the reasoning of *Schnall* on these issues and reject all of the same arguments presented by appellants in this action relating to the amount of the refueling charge. However, *Schnall* did find that an action could be maintained under the *fraud* prong of the unfair competition claim because the per gallon rate for refueling was not disclosed in the rental agreement. (*Schnall*, *supra*, 78 Cal.App.4th at pp. 1163-1170.) The same argument is presented here.

■ "The 'fraud' prong of Business and Professions Code section 17200 is unlike common law fraud or deception. A violation can be shown even if

no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. Instead, it is only necessary to show that members of the public are likely to be deceived. [Citations.]" (*Podolsky v. First Healthcare Corp.*, *supra*, 50 Cal.App.4th at pp. 647-648.)

 We cannot conclude here that the public is likely to be deceived. Each of the three payment options is clearly printed, in boldface, in the rental agreement provided to appellants at the time of rental. Nor can the amount of the refueling service option be claimed as a "surprise" given that the amount per gallon, $3.58, is clearly printed on the first page of the rental agreement, which distinguishes this case from *Schnall*.

We conclude that appellants have failed to plead facts which will support an unfair competition claim.

Appellants' second and third causes of action, for money had and received and restitution, also fail: "[I]t is well settled that an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter. [Citations.]" (*Lance Camper Manufacturing Corp. v. Republic Indemnity Co.* (1996) 44 Cal.App.4th 194, 203 [51 Cal.Rptr.2d 622].)

Finally, appellants' fourth cause of action alleges violation of the Consumer Legal Remedies Act, section 1750 et seq., one of the same claims rejected within footnote 9 of the *Schnall* case (78 Cal.App.4th at p. 1161.).

## DISPOSITION

The judgment (order of dismissal) is affirmed. Respondent is awarded its costs on appeal.

Vogel (C. S.), P. J., and Curry, J., concurred.