IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00326-CV

 

Daughters of Charity Health

Services of Waco, 

a Texas Corporation 

d/b/a Providence Health Center,

                                                                      Appellant

 v.

 

Donald Linnstaedter 

and Kenneth Bolen,

                                                                      Appellees

 

 

 



From the 74th District Court

McLennan County, Texas

Trial Court # 99-609-3

 



Dissenting Opinion



 








      Appellees,
Linnstaedter and Bolen, sued the estate of Jones, a third-party tortfeasor, and
settled with it, for damages including “their reasonable and necessary medical
expenses incurred in the past.” 
Appellees now claim that they were not liable to Appellant, Providence Health
 Center, for past medical expenses, so that no valid
hospital lien attached to settlement proceeds for those expenses.  Cf.
Act of May 26, 1983,
68th Leg., R.S., ch. 576, § 1, sec. 55.002, 1983 Tex. Gen. Laws 3475, 3562
(amended 2003) (current version at Tex.
Prop. Code Ann. § 55.002 (Vernon Supp. 2004-2005)).  For Appellees to receive a settlement in this
way is a windfall to them, if not fraud by them.  We should hold that Providence’s hospital lien attached to the settlement
proceeds, and reverse and render judgment for Providence.  Because
the majority does not do so, I respectfully dissent.

      The
majority goes astray from its first sentence, in referring to “the limits on
amounts a health care provider can charge for services rendered to a workers’
compensation claimant under the Labor Code.” See Daughters of Charity Health Servs. of Waco v.
Linnstaedter, No.
10-02-00326-CV, slip op. at [1] (Tex. App.—Waco Oct. 27, 2004, no pet. h.) (mem. op.) (majority op.) (“slip
op.”).  I find no authority for the
proposition that the Texas Labor Code limits charges for emergency hospital
care.  The majority cites no authority
except Appellees’ statement and the majority’s own belief:

The
Employees say that the Labor Code fixes the maximum that a hospital can charge
for services to a compensation claimant and therefore, because the Employees
could not be charged more than the compensation carrier paid, there were no
debts owed by them to Providence
that would support the filing of the liens.

      We agree with the Employees.

Slip op. at 2-3. 
The majority’s only citation to the Labor Code is to former section
413.011.  Id. at 2. 
That statute provided:

      (a)   The [Texas Workers’ Compensation C]ommission by rule shall
establish medical policies and guidelines relating to:

      (1)  fees charged or paid for medical services for
employees who suffer compensable injuries, including guidelines relating to
payment of fees for specific medical treatments or services;

      (2)  use of medical services by employees who
suffer compensable injuries; and

      (3)  fees charged or paid for providing expert
testimony relating to an issue under [the Texas Workers’ Compensation Act].

      (b)  Guidelines for medical services must be fair
and reasonable and designed to ensure the quality of medical care and to
achieve effective medical cost control. 
The guidelines may not provide for payment of a fee in excess of the fee
charged for similar treatment of an injured individual of an equivalent
standard of living and paid by that individual or by someone acting on that
individual’s behalf.

      (c)   Medical policies adopted by the commission
must be consistent with [Labor Code] Sections 413.013, 413.020, 413.052, and
413.053.

      (d)  The commission by rule shall establish medical
policies relating to necessary treatment for injuries.  Medical policies shall be designed to ensure
the quality of medical care and to achieve medical cost control.

Labor Code, 73d Leg., R.S., ch. 269, § 1,
sec. 413.011, 1993 Tex. Gen. Laws 987, 1223-24 (amended 2001, 2003) (current
version at Tex. Lab. Code Ann.
§ 413.011 (Vernon Supp. 2004-2005)).  Nowhere does that section set “the amounts
due . . . for the services provided.” 
Cf. slip op. at 2.  Pursuant to Section 413.011, the Workers’
Compensation Commission promulgated a Medical Fee Guideline including Maximum
Allowable Reimbursements (“MARs”) in 1996. 
Tex. Workers’ Comp. Comm’n v.
Patient Advocates, 136 S.W.3d 643, 647, 652 (Tex. 2004); see
28 Tex. Admin. Code
§ 134.201(a) (2004); Tex. Workers’
Comp. Comm’n, Medical Fee Guideline (1996).

Rule
134.201 establishes guidelines for reimbursements made for medical treatments
or services rendered by health care providers. 
When a MAR is established for a particular medical treatment or service,
the amount of reimbursement payable to a health care provider is the lesser of
the provider’s usual fees and charges or the MAR established in the Medical Fee
Guideline.

Patient
Advocates at 652 (citing 21 Tex. Reg. 2361, 2361 (1996) (adopting 28 Tex. Admin. Code § 134.201)).  That is, the Medical Fee Guideline “set[s]
maximums on the amounts insurance carriers can reimburse health care providers
for specific medical procedures.”  Id.  (citing Tex. Lab. Code § 413.011(b)).  Under Rule 134.201, “items for which an MAR
is not established shall be reimbursed at fair and reasonable rates.”  21 Tex. Reg. at 2361. 
And the Guideline does not set MARs for “inpatient
hospitalization.”  Id.  Neither
the statute, nor the rule or the guideline promulgated pursuant to the statute,
limits a hospital’s “usual fees and charges”; they limit only what a workers’
compensation insurance carrier may pay for treatment of a workers’ compensation
claimant.  Here, the agreed statement of
facts stipulates that the “reasonable and necessary charges” for treating each
Appellee was greater than the amount of the lien that attached for each
Appellee’s treatment.

      Moreover,
the cases cited by the majority as persuasive authority are not on point.  See
slip op. at 3 (citing Satsky v. United
States, 993 F. Supp. 1027 (S.D. Tex. 1998) (order); Dorr v. Sacred Heart Hosp., 597 N.W.2d 462 (Wis. Ct. App.
1999)).  In both cases, the hospital
agreed to accept less than the amount of its usual charges as payment in full.  In Satsky,
the private insurer had a “prepaid health care plan” contractual agreement
with the hospital.  Satsky at 1028.  Under that
agreement, the hospital “agreed ‘to accept the compensation set forth in
. . . the Agreement as payment in full for all Hospital Services
rendered to Members’” of the insurer’s plan. 
Id. (quoting agreement).  As the Supreme Court of Nebraska has noted in
distinguishing Satsky, “[t]he
hospital in Satsky had agreed to
accept partial payment under the terms of an agreement with the insurance
company and, therefore, had received all the payments to which it was
entitled.”  Alegent Health, P’ship v. Am. Family Ins., Inc., 656 N.W.2d 906,
911 (Neb. 2003). 
In Dorr, likewise, the private
insurer contractually agreed with the hospital that the insurer’s insureds
would be admitted to the hospital for covered hospitalization.  Dorr
at 468.  In exchange, the hospital agreed
to bill the insurer at a reduced, flat, “per diem” rate, and the hospital
“agreed to accept the per diem rates as full payment for the medical services
rendered.”  Id.  In the
instant cause, to the contrary, the majority does not point to a contractual
agreement that would render payment under the Commission’s MARs payment in
full.

      This
issue is not, as the majority states, “a question of first impression.”  Cf.
slip op. at 2.  The “reasonable and
necessary charges” for emergency hospital care for Appellees exceeded the
amounts reimbursed by the workers’ compensation insurance carrier by some
$13,000.  Providence’s hospital liens attached to the proceeds of
Appellees’ settlements with the estate of Jones, the third-party
tortfeasor.  See Act of May 26, 1983, 68th Leg., R.S., ch. 576, § 1, sec.
55.003(a)(3), 1983 Tex. Gen. Laws at 3562 (amended 2003) (current version at Tex. Prop. Code Ann.
§ 55.003(a)(3) (Vernon Supp. 2004-2005)).  To the extent that the lien for those charges
was unsatisfied, Jones’s estate and his insurer owed the funds to Providence, not to Appellees.  See
McCollum v. Baylor Univ. Med.
Ctr., 697 S.W.2d 22, 25 (Tex.
App.—Dallas 1985, writ ref’d n.r.e.). 
Indeed, without the satisfaction of the hospital lien, no settlement
would have been valid.  Act of May 26,
 1983, 68th Leg., R.S.,
ch. 576, § 1, sec. 55.007, 1983 Tex. Gen. Laws at 3564 (amended 2003)
(current version at Tex. Prop. Code Ann.
§ 55.007 (Vernon Supp. 2004-2005)).

      Labor
Code Section 417.002 governs recoveries in third-party actions.  See
Tex. Lab. Code Ann.
§ 417.002 (Vernon 1996).  Subsection
(a) provides, “The net amount recovered by a claimant in a third-party action
shall be used to reimburse the insurance carrier for benefits, including
medical benefits, that have been paid for the compensable injury.”  Id. (a).  Subsection (b)
provides, “Any amount recovered that exceeds the amount of the reimbursement
required under Subsection (a) shall be treated as an advance against future
benefits, including medical benefits, that the claimant is entitled to receive
under” the Act.  Id. (b). 
The “net amount recovered” does not include the claimant’s attorney’s
fees or court costs.  Tex. Workers’ Comp. Ins.
Fund v. Alcorta, 989
S.W.2d 849, 852 (Tex. App.—San Antonio 1999, no pet.) (citing Tex. Lab. Code Ann. § 417.003 (Vernon 1996)); Bridges v. Tex. A & M Univ. Sys., 790
S.W.2d 831, 833 (Tex. App.—Houston [14th Dist.] 1990, no writ).  Likewise, “[r]easonable and necessary medical
expenses incurred by the claimant on account of the injury must be deducted
from the advance in the same manner as benefit payments.”  Robert L. LeBoeuf, Remedies Against Third Parties, in Texas Workers’ Compensation Law: A Guide to Practice Before
Commission & Court 63-1, at § 63.06 (John C. Kilpatrick ed.,
May 2004) (citing Tex. Lab. Code
§ 417.002).

      The
purposes and structure of the Workers’ Compensation Act support this
conclusion.  The purpose of the Act is
“compensating injured workers and their dependents.”  Patient
Advocates, 136 S.W.3d at 652.  This
conforms with the purpose of the hospital lien statute, which is “encouraging
the prompt and adequate treatment of accident victims” by “provid[ing]
hospitals an additional method of securing payment for medical services.”  Bashara
v. Baptist Mem. Hosp. Sys., 685 S.W.2d 307, 309 (Tex. 1985). 
But the “workers’ compensation act was not intended to provide double
recoveries.”  Foreman v. Sec. Ins. Co., 15 S.W.3d 214, 219 (Tex. App.—Texarkana 2000, no pet.).  Though the Act strictly limits liens against
workers’ compensation income benefits and death benefits, it does not set such
limits on liens against medical benefits. 
See Tex. Lab. Code Ann. § 408.203(a) (Vernon Supp. 2004-2005).[1]

      Accordingly,
we should sustain Providence’s issue, and reverse the trial court’s judgment
and render judgment that Providence take under its valid hospital liens.  Because the majority does otherwise, I
respectfully dissent.

TOM
GRAY

Chief Justice

Dissenting opinion
delivered and filed October 27, 2004

 











    [1]  Moreover, although not part of the law
governing the instant cause, the Legislature has twice amended the Labor Code
since the time of Appellees’ treatment to draw distinctions among liens by
hospitals on the one hand, and by physicians and emergency medical service
providers on the other.  In 2001, the
Legislature amended the statute to provide for liens for physicians’ charges
for emergency hospital care services.  See Tex.
Prop. Code Ann. § 55.004(a), (c) (Vernon
Supp. 2004-2005).  The hospital lien may
include the amount of charges for such services.  Id. § 55.004(c).  However, the hospital lien does not attach to
such charges “for which the physician has accepted insurance benefits or
payment under a private medical indemnity plan or program, regardless of whether the benefits or payment equals the full amount of
the physician’s charges for those services.”  Id.
§ 55.004(d)(2) (Vernon Supp. 2004-2005) (emphasis added).  In 2003, the Legislature created a lien for
emergency medical service providers, including a similar limitation on the
lien, limiting it to amounts beyond those paid by insurance or private
programs.  See id. §§ 55.002(c), 55.004(g)(2) (Vernon
Supp. 2004-2005).  Yet the Legislature
has not put such a limitation on general hospital liens.